IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. HUNT, | ) | 4:09CV3134 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. WHITTIER, Lincoln VA | ) | |
| Primary Care Provider Assoc. Chief | ) | |
| of Med., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On September 1, 2009, the court conducted a detailed initial review and permitted Plaintiff an opportunity to amend his Complaint in order to clearly state a claim upon which relief may be granted against Defendants. (Filing No. 8.) In particular, Plaintiff was given leave to properly allege how the named Defendants "were personally involved in any misconduct." (*Id.* at CM/ECF p. 3.) Plaintiff was also ordered to allege how Defendant Whittier "was negligent or that Whittier deviated from the standard of care." (*Id.* at CM/ECF p. 4.)

Plaintiff filed an Amended Complaint on September 30, 2009. (Filing No. 9.) After reviewing the Amended Complaint, the court finds that Plaintiff has complied with its September 1, 2009, Memorandum and Order with respect to his Federal Tort Claims Act claim against Whittier, and service is warranted on that claim and that Defendant only.

The remainder of Plaintiff's Amended Complaint is devoted to detailing the steps he has taken to get veterans' benefits to which he believes he is entitled, and the failure of numerous individuals to provide him with those benefits. (*See generally*, Filing No. 9.) As set forth in the court's previous Memorandum and Order, to the

extent that Plaintiff argues that Defendants violated federal law by refusing to provide him with veterans' benefits to which he may be entitled, the court lacks jurisdiction. *See* [Mehrkens v. Blank, 556 F.3d 865, 869-71 (8th Cir. 2009)](#) (describing the framework for the adjudication of veterans' benefits claims and concluding that [38 U.S.C. § 511(a)](#) precludes the court from exercising jurisdiction over claims for denial or delay in veterans' benefits); *see also* [Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1500-01 (2d Cir. 1992)](#) (holding that section 511(a) precludes federal courts from hearing veterans claims seeking a particular type or level of medical care, even if couched in constitutional terms, particularly where "[t]he gravamen of" the claims "is that the VA has failed to provide [a plaintiff] with adequate care"). Thus, for the reasons set forth here, and in the court's September 1, 2009, Memorandum and Order, the courts lacks jurisdiction over all other claims, and those claims are dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Service is now warranted as to Plaintiff's Federal Tort Claims Act claim against Defendant Whittier only.

2. To obtain service of process on Defendant Whittier, Plaintiff must complete and return the summons form which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The

Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

4.  Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.  Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6.  The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "**February 16, 2010:** Check for completion of service of summons."

7.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

8.  All remaining claims, except for Plaintiff's Federal Tort Claims Act claim against Defendant Whittier, as detailed in the court's September 1, 2009, Memorandum and Order, are dismissed without prejudice as against all Defendants.

9.  The Clerk of the court is directed to terminate all parties except for Defendant Whittier as Defendants in this matter.

October 19, 2009.　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/ Joseph F. Bataillon
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

＊This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.