IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. HUNT, | ) | 4:09CV3134 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. WHITTIER, Lincoln VA Primary | ) | |
| Care Provider Assoc. Chief of Med., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on Defendant's Motion to Substitute Party Defendant (filing no. 42) and Motion to Limit Discovery (filing no. 60). Also pending are Plaintiff's Motion to Deny Motion to Substitute (filing no. 46), Motion to Amend Court Order (filing no. 53) and Motion to Deny Defendant's Motion to Depose Plaintiff (filing no. 62.) The court addresses each Motion below.

***Motion to Substitute***

      Defendant filed a Motion to Substitute Party Defendant, arguing that substitution of the United States of America for Defendant Whittier is proper in this action pursuant to 28 U.S.C. § 2679 (d)(1). (Filing No. 42.) Defendant refers to its Notice of Substitution in which the United States Attorney for the District of Nebraska, Deborah R. Gilg, certified that Defendant Whittier acted "within the scope of his employment" during the events which give rise to Plaintiff's claims. (Filing Nos. 17 and 17-1, Attach. 1, at CM/ECF p. 1.) In his Motion to Deny Motion to Substitute, Plaintiff states that he raises constitutional claims and substitution is therefore not allowed. (Filing No. 46.) However, the court has already determined that the only claim remaining is Plaintiff's Federal Tort Claims Act ("FTCA") claim against Defendant Whittier. (Filing No. 10.) In light of this, and in accordance with 28 U.S.C. § 2679 (d)(1), substitution is warranted and the court will direct the Clerk of the court to update its records accordingly.

*Plaintiff's Motions Relating to Discovery*

Plaintiff filed two discovery-related Motions, a Motion to Amend Court Order (filing no. 53) and a Motion to Deny Defendant's Motion to Depose Plaintiff (filing no. 62). In his Motion to Amend Court Order, Plaintiff argues that no progression order should have been entered in this matter because the court's Local Rules "[e]xempt [pro se cases] from the disclosure and conference requirements of Federal Rule of Civil Procedure 26." (Filing No. 53 at CM/ECF p. 1.) While it is unclear what relief, if any, Plaintiff seeks in this Motion, the court's Local Rules specifically provide that, in pro se cases, "[a]pproximately 30 days after the last defendant files an answer, the court issues a progression order addressing discovery and other issues." NeCivR 16.1(c)(2). The court entered a Progression Order in this case on February 17, 2010, approximately 15 days after the last Defendant filed an Answer. (Filing Nos. 18 and 20.) Thus, the Progression Order was properly entered and any relief sought by Plaintiff in his Motion to Amend Court Order is denied.

In his Motion to Deny Defendant's Motion to Depose Plaintiff, Plaintiff objects to Defendant's Notice to Take Deposition of Plaintiff. (Filing No. 62.) As set forth above, the court entered a Progression Order in this matter on February 17, 2010. (Filing No. 20.) The court later entered a Memorandum and Order extending the deadlines set forth in that Progression Order.[1] (Filing No. 38.) In that Memorandum and Order, the court ordered that depositions could proceed and must be completed by July 27, 2010. (*Id.*) On May 5, 2010, Defendant filed a Notice to take Deposition of Plaintiff, with the date for the deposition set for May 14, 2010. (Filing No. 59.) Plaintiff objects to this Notice on two primary grounds. First, Plaintiff argues that he was not given enough notice of the deposition. (Filing No. 62) Second, Plaintiff argues that he should not be deposed until the court rules on all pending motions. (*Id.*) In its Response to the Motion, Defendant does not agree with Plaintiff, but states that it will file a new notice, setting Plaintiff's deposition for June 4, 2010. (Filing No. 65.) In addition, all pending Motions are resolved in this Memorandum and Order. In light of this, Plaintiff's Motion to Deny is denied and the deposition of Plaintiff may proceed on June 4, 2010.

---

[1] Plaintiff claims the Defendant's Unopposed Motion to Extend Initial Progression Order (filing no. 28) was filed in bad faith. The court has reviewed the record and finds no evidence of bad faith.

2

*Defendant's Motion to Limit Discovery*

As set forth above, the only claim remaining in this matter is Plaintiff's FTCA claim against the United States for treatment he received from Dr. Whittier between the years 2006 and 2008. (Filing Nos. 9 and 10.) On April 30, 2010, Plaintiff filed a Request for Production/Inspection (his fourth), seeking "all forms of documents that will confirm or rule-out that [Defendant] has/has a "DUTY" to be part of, associated with, or who created/initiated the Departments/Agencies listed below." (Filing No. 57 at CM/ECF p. 1.) Plaintiff then lists 53 separate entities and claims that "[t]he above information was submitted in Feb. 2000 to our President." (*Id.*)

In it's Motion to Limit Discovery, Defendant objects to Plaintiff's April 30, 2010, Request for Production/Inspection and requests that the court prevent this discovery because it is vague, overly broad, and irrelevant. (Filing No. 61.) In Response, Plaintiff does not argue the relevance or propriety of the request.[2] (Filing No. 62.) Based on the record currently before it, the court agrees with Defendant that detailed information regarding the United States's relationship with more than 50 separate entities is not relevant or "reasonably calculated to lead to the discovery of admissible evidence" in this matter. Fed. R. Civ. P 26 (b)(1). Thus, the Motion to Limit Discovery is granted. However, in the event that Plaintiff later shows that such a request is relevant or otherwise meets the requirements of Federal Rule of Civil Procedure 26, he may seek relief from the court.

IT IS THEREFORE ORDERED that:

1.  Defendant's Motion to Substitute Party Defendant (filing no. 42) is granted. Plaintiff's Motion to Deny Motion to Substitute (filing no. 46) is denied.

---

[2]Plaintiff's entire objection to the Motion relates to Defendant's reference to an April 19, 2010, letter regarding various discovery issues, sent by Defendant to Plaintiff. (Filing No. 62.) Plaintiff states that "Defendant never wrote Plaintiff and will not be-able to produce prove that the Defendant had written Plaintiff" to discuss discovery issues. (*Id.* at CM/ECF p. 2.) However, Defendant has filed a copy of this letter, along with a return receipt signed by Plaintiff on April 21, 2010. (Filing No. 66-1, Attach. 1, at CM/ECF pp. 1-2.) Plaintiff is reminded of his obligations under Federal Rule of Civil Procedure 11 and the sanctions which may be imposed if that Rule is violated. *See generally,* Fed. R. Civ. P. 11.

2.       The Clerk of the court shall update the docket sheet in accordance with the Notice of Substitution (filing no. 17). The United States of America is the only Defendant and replaces Defendant Dr. Whittier.

3.       Plaintiff's Motion to Amend Court Order (filing no. 53) and Motion to Deny Defendant's Motion to Depose Plaintiff (filing no. 62) are denied. In accordance with this Memorandum and Order, Plaintiff's deposition may proceed on June 4, 2010.

4.       Defendant's Motion to Limit Discovery (filing no. 60) is granted. Defendant need not respond to Plaintiff's April 30, 2010, Request for Production/Inspection unless it is later directed to do so by the court.

DATED this 11th day of May, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.